472 A.2d 695

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kyle BEDLEY.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1983.

Filed March 2, 1984.

158

Maxine J. Stotland, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Aaron Charles Finestone, Philadelphia, for appellee.

Before SPAETH, President Judge, and MONTEMURO and POPOVICH, JJ.

SPAETH, President Judge:

This is an appeal by the Commonwealth from a judgment of sentence for robbery and criminal conspiracy. On appellee's plea of guilty, the court imposed sentence of 12 to 24 months imprisonment, to be followed by four years probation with psychiatric counseling. When requested by the Commonwealth to state its reasons for the sentence, the court replied that it was "follow[ing] the presentence report recommendation" and "the legislative mandates as I interpret them.... That's the minimal allowable sentence...." The Commonwealth argues that this was an inadequate, and inaccurate, statement of reasons. We agree, and therefore vacate the judgment of sentence and remand for resentencing.

The charges were that on February 21, 1981, appellee and another male grabbed 75 year old Claude Dundore, knocked him to the ground, bruising his face and breaking his glasses, and tried to take his wallet. Appellee, by pleading guilty, admitted these facts. The Commonwealth argues that since appellee had been convicted of another robbery, N.T. Sentencing at 6, he should have been sentenced to at least 4 to 8 years imprisonment, pursuant to Section 5 of the Act of November 26, 1978, P.L. 1316, No. 319, 42 Pa.C.S.A. § 2155 (effective January 1, 1979), which provided that "[u]ntil sentencing guidelines adopted by the Pennsylvania Commission on Sentencing ... become effective ... when any person is convicted [of certain violent crimes, including robbery], and when that person has been previ-

ously convicted [of any such violent crimes] ... the sentencing court shall consider as a guideline in imposing sentence that such person be sentenced to a minimum term of not less than four years imprisonment." The Act further provided, that "where a court sentences [such] a person ... to a term of less than four years imprisonment, the court shall provide a contemporaneous written statement of the reason or reasons for the sentence," 42 Pa.C.S.A. § 2155(b), and for "appeal as of right" by the defendant or the Commonwealth, 42 Pa.C.S.A. § 2155(c).[1]

In this case, when requested by the Commonwealth to state its reasons for sentencing appellee to less than four years imprisonment, the court responded:

I have indicated that I am unaware of the statute regarding that [the requirement that the court state its reasons for a sentence of less than four years imprisonment]. I follow the presentence report recommendation. I follow the legislative mandates as I interpret them regarding this crime. That's the minimal allowable sentence as I understood the legislative guidelines for sentencing under this charge.

N.T. Sentencing at 13–14.

The Commonwealth's motion to modify sentence was denied without hearing.

In its opinion filed in response to the Commonwealth's appeal, the court again acknowledges that "it was unaware of the provision setting as a guideline for sentencing a period of incarceration of four to eight years." Slip op. at 4. "However", the court says, "the record reveals that there are sufficient reasons for sentencing outside that guideline," *id.* at 5, and in its opinion the court explains

1. The sentencing was on January 21, 1982. The interim guidelines provided by the Act of November 26, 1978, *supra,* 42 Pa.C.S.A. § 2155, have been superseded by the Pennsylvania Commission on Sentencing guidelines, which became effective on July 22, 1982, 204 Pa.Code Ch. 303, *and see* the Act of October 5, 1980, P.L. 693, No. 142, 42 Pa.C.S.A. § 2155. The Act of March 8, 1982, P.L. 169, No. 54, 42 Pa.C.S.A. § 9714, provides a mandatory minimum sentence of five years total confinement for repeat offenders of violent crimes, and for appeal by the Commonwealth.

what in its view those reasons are, *id.* at 4. This opinion, however, cannot be regarded, either as the "contemporaneous written statement of the reason or reasons for the sentence" required by 42 Pa.C.S.A. § 2155(b), or as in compliance with *Commonwealth v. Riggins*, 474 Pa. 115, 122, 377 A.2d 140, 143 (1977) (*"[w]hen a trial court imposes judgment of sentence*, its reasons for the imposition of sentence should appear on the record") (emphasis added).

The judgment of sentence is vacated and the case is remanded for resentencing. Jurisdiction is relinquished.